*Martin Melody, LLC*
Sycamore Commons
44 Sycamore Avenue
Suite 3A
Little Silver, New Jersey 07739
Tel: (732) 219-0099
Fax: (732) 219-9653
E-Mail: MartinMelody@comcast.net
*Attorneys for Plaintiff, Jon Caldwell*

_____

| | | |
|---|---|---|
| JON CALDWELL, | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | **Civil Action No.:** |
| v. | : | |
| | : | |
| DOVER TOWNSHIP EMERGENCY SERVICES UNIT (ESU), DOVER TOWNSHIP POLICE DEPARTMENT, MICHAEL G. MASTRONARDY, individually and his capacity as Chief of Police of the Dover Township Police Department, COUNTY OF OCEAN, OCEAN COUNTY PROSECUTOR'S OFFICE, THOMAS F. KELAHER, individually and in his capacity as Ocean County Prosecutor, OCEAN COUNTY NARCOTICS STRIKE FORCE, LIEUTENANT JEFFREY BISSEY, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, SERGEANT VITELLO, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVETIGATOR LESKOWSKI, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR LAMB, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR HYNES, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR CECCHINI, individually and in his capacity as a | : | **COMPLAINT & DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| member of the Ocean County Narcotics Strike Force, INVESTIGATOR SCHWARTZ, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR STEINHAUER, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR ROTH, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR HEALE, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR KARPON, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR VERDE, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, INVESTIGATOR RANKIN, individually and in his capacity as a member of the Ocean County Narcotics Strike Force, JOHNAND JANE DOES , 1-100, individually and in their official capacities, ABC ENTITIES/ CORPORATIONS (1-10), Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : |

___

Plaintiff, Jon Caldwell, residing at Park Ridge Apartments, 47 Walnut Street, Apartment C-12, in the Town of Toms River, 08753, County of Ocean, State of New Jersey, by way of Complaint against all the Defendants, says:

## **JURISDICTION**

Jurisdiction is asserted under 28 U.S.C. §1331 in so far as Plaintiff's complaint asserts claims under the Civil Rights Act, 42 U.S.C. §1983, and by virtue of State claims based on supplemental jurisdiction, pursuant to 28 U.S.C. §1367.

## VENUE

Venue is appropriate in that all parties reside or are municipal corporations and/or entities in the District of New Jersey.

## THE PARTIES

1. PLAINTIFF, JON CALDWELL (hereinafter "Mr. Caldwell" or "Plaintiff"), was at all times relevant herein a resident of the Township of Toms River, State of New Jersey.

2. DEFENDANT, DOVER TOWNSHIP EMERGENCY SERVICES UNIT (hereinafter "ESU" or collectively with the other named Defendants, as "Defendants") is a policy-making governmental body with numerous departments for which it is responsible and is a governmental municipal corporation of the State of New Jersey operating under its laws and, at all times relevant herein, was responsible for the harm caused to Plaintiff.

3. DEFENDANT, DOVER TOWNSHIP POLICE DEPARTMENT (hereinafter "Dover Police Department" or collectively with the other named Defendants, as "Defendants") is a policy-making agency/department of the Township of Toms River, State of New Jersey, organized under the laws of the State of New Jersey and is responsible for the hiring, supervision, training and retention of its police department, as well as the law enforcement within its jurisdiction, and, at all times relevant herein, was responsible for the harm caused to Plaintiff.

4. DEFENDANT, MICHAEL G. MASTRONARDY, (hereinafter referred to as "Mastronardy" or collectively with the other named Defendants, as "Defendants"), was at all times relevant herein the Chief of Police for the Dover Township Police Department acting

under color of State law and was a policy-maker for the Ocean County Narcotics Strike Force and, as such, was responsible for the harm caused to Plaintiff.

5. DEFENDANT, COUNTY OF OCEAN (hereinafter referred to as "Ocean County" or collectively with the other named Defendants, as "Defendants"), is a county body organized and existing under the laws of the State of New Jersey, and is a public employer of the Ocean County Narcotics Strike Force, the Ocean County Prosecutor's Office and certain Ocean County employees named as Defendants herein.

6. DEFENDANT OCEAN COUNTY PROSECUTOR'S OFFICE (hereinafter referred to as "Prosecutor's Office" or collectively with the other named Defendants, as "Defendants"), is a governmental entity involved with law enforcement in the County of Ocean. It employs both lawyers and law enforcement officers and was, at all times relevant herein, responsible for the harm caused to Plaintiff.

7. DEFENDANT, THOMAS F. KELAHER (hereinafter referred to as "Kelaher" or collectively with the other named Defendants, as "Defendants"), is the Prosecutor of the County of Ocean. The Prosecutor is the highest ranking law enforcement officer in the County and a policy-maker for the Ocean County Prosecutor's Office. Defendant Kelaher, at all times herein, was acting under color of state law, individually and in his capacity of Prosecutor and was, at all times relevant herein, responsible for the harm caused to Plaintiff.

8. DEFENDANT, OCEAN COUNTY NARCOTICS STRIKE FORCE (hereinafter referred to as "OCNSF" or collectively with the other named Defendants, as "Defendants"), is comprised of both full-time investigators from the Ocean County Prosecutor's Office and police officers from municipal police departments who are typically assigned for a one-year tour of duty. The primary goal of the Strike Force is to investigate, arrest, and successfully prosecute

violators of the controlled dangerous substance (C.D.S.) laws and crimes related to those activities.  It was, at all times relevant herein, responsible for the harm caused to Plaintiff.

9. DEFENDANT, LIEUTENANT JEFFREY BISSEY (hereinafter "Bissey" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

10. DEFENDANT, SERGEANT VITELLO (hereinafter "Vitello" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

11. DEFENDANT, INVESTIGATOR LESKOWSKI (hereinafter "Leskowski" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

12. DEFENDANT, INVESTIGATOR LAMB (hereinafter "Lamb" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

13. DEFENDANT, INVESTIGATOR HYNES (hereinafter "Hynes" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

14. DEFENDANT, INVESTIGATOR CECCHINI (hereinafter "Cecchini" or collectively with the other named Defendants, as "Defendants"), individually and in his

capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

15. DEFENDANT, INVESTIGATOR SCHWARTZ (hereinafter "Schwartz" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

16. DEFENDANT, INVESTIGATOR STEINHAUER (hereinafter "Steinhauer" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

17. DEFENDANT, INVESTIGATOR ROTH (hereinafter "Roth" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

18. DEFENDANT, INVESTIGATOR HEALE (hereinafter "Heale" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

19. DEFENDANT, INVESTIGATOR KARPON (hereinafter "Karpon" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

20. DEFENDANT, INVESTIGATOR VERDE (hereinafter "Verde" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a

member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

21.     DEFENDANT, INVESTIGATOR RANKIN (hereinafter "Rankin" or collectively with the other named Defendants, as "Defendants"), individually and in his capacity as a member of the Ocean County Narcotics Strike Force, was, at all times relevant herein, responsible for the harm caused to Plaintiff.

22.     John and Jane Does (1-100) are past and present employees, past and present supervisory employees and/or past and present agents of the above-named Defendants, who acted individually and under color of State law, to wit, under color of statutes, regulations, policies, customs and were responsible for the harm caused to Plaintiff.

23.     ABC Entities and Corporations (1-10) are those entities and/or corporations or other law enforcement agencies who found to have been responsible for the actions against Plaintiff as pleaded herein.

24.     All the individual defendants pleaded herein are policymakers and acted individually and in their capacities under color of State law.

## FACTUAL ALLEGATIONS

25.     On or about December 17, 2004, at approximately 6:00 p.m., Jon Caldwell, a 52 year old man, was present in his newly-rented Apartment #C-12 at Park Ridge Apartments in Toms River, New Jersey.

26.     Although Mr. Caldwell was renting Apartment #C-12, he was not allowed to begin occupying it until January 2005 due to a delay in obtaining the Certificate of Occupancy. (See copy of lease attached hereto as **EXHIBIT A**).  However, Mr. Caldwell had permission from the Superintendent of the apartment building, to enter the premises to prepare for the move.

27. Mr. Caldwell had asked permission from the Superintendent to enter the apartment in order to take measurements for window treatments and other furnishings. The Superintendent of the building, Mr. Barrientos, gave Mr. Caldwell the keys to his apartment and told him he could enter the premises to prepare for his move and take the necessary measurements.

28. On or about December 17, 2004, at approximately 4:00 p.m., the Defendants were executing search warrants for two other apartments in the complex, believed to be Apartments B6 & B8 on that evening as a result of an on-going investigation regarding the distribution of marijuana in the Toms River area.

29. On or about December 17, 2004, while Mr. Caldwell was in his apartment (C-12 at the Park Ridge Complex), several men in swat ("special weapons and tactics") type gear broke down the door to his apartment and tackled him, slamming him face first on the floor. These men, as identified above as members of the Narcotics Strike Force, put their boots on his neck and started beating him by kicking and stomping on him. None of these men ever identified themselves as "law enforcement" to Mr. Caldwell or asked him what he was doing in the apartment.

30. One of the men said, "We've got you now, Timmy!" Mr. Caldwell stated that his name was not Timmy and told them to check his identification.

31. Instead, despite Mr. Caldwell's pleas that they were hurting him, the officers continued to physically abuse him by holding him down on the floor while other officers searched the apartment. The officers still never identified themselves as "law enforcement" and they never gave Mr. Caldwell a chance to show his identification and/or inform them as to his presence in his apartment.

32. Eventually, one officer did take Mr. Caldwell's wallet and "ran" his license for any outstanding warrants, and while this was being done, Mr. Caldwell was allowed to sit-up facing the wall while another officer stood behind him with a gun pointed directly at him.

33. There were no outstanding warrants and sometime after the officers realized that there were no warrants for Mr. Caldwell, he was allowed to leave the apartment.

34. Mr. Caldwell took his keys and went outside the apartment.

35. Mr. Caldwell was aware that he had been badly injured from the officers' attack on him and he asked the officers outside the apartment if they would call an ambulance for him.

36. These officers refused to call an ambulance for him. He called the ambulance himself from his cell phone. When the Dover Township Police arrived in response to Mr. Caldwell's emergency telephone call for an ambulance, they were extremely hostile and nasty to him.

37. When the ambulance arrived pursuant to Mr. Caldwell's call, the officers informed the emergency personnel to leave, stating, "The guy is crazy and does not need an ambulance."

38. Everyone, including all the law enforcement officers, left the scene. They left Mr. Caldwell unattended even though he was injured, battered, and bruised.

39. Mr. Caldwell attempted to call an ambulance again, but his cell phone had "died."

40. Mr. Caldwell then limped and crawled to a gas station to call his wife to come get him.

41. The following day, on or about December 18, 2006, Mr. Caldwell was taken to the Community Medical Center in Toms River, New Jersey, and admitted because of his severe

injuries that he had sustained as a result of the unlawful conduct of the law enforcement officers.

42. Mr. Caldwell's injuries were so severe that he was not released from the hospital until on or about December 21, 2004.

43. Mr. Caldwell's injuries included, but were not limited to, "blunt left chest trauma including multiple rib fractures and traumatic left pneumothorax." (See copy of discharge summary attached hereto as **EXHIBIT B**). Additionally, Mr. Caldwell had to have a "left tube thoracotomy" inserted in the emergency room. (See **EXHIBIT B**).

44. Mr. Caldwell was not charged with any crime.

45. Mr. Caldwell filed the appropriate Notice of Tort Claims against all of the Defendants within the time prescribed by New Jersey law.

46. Mr. Caldwell as been severely and permanently injured as a result of the unlawful actions of the Defendants. His medical bills, to date, total nearly $100,000.

47. As a result of the actions of the Defendants, including the Jon & Jane Does and the ABC Entities/Corporations, Plaintiff, Jon Caldwell, has been harmed.

<u>**COUNT I**</u>
**(VIOLATION OF 42 U.S.C. § 1983,**
**VIOLATION OF CONSTITUTIONAL RIGHTS,**
**EXCESSIVE FORCE, et al.)**

48. Plaintiff repeats each and every allegation contained in the above paragraphs as if set forth at length herein.

49. The acts of the Defendants, committed under color of State law as set forth above, constitute a violation of Mr. Caldwell's constitutional rights under the United States Constitution.

50. Specifically, the unlawful acts of Defendants included, but were not limited to:

10

      a)  Entering Mr. Caldwell's residence without a warrant;

      b)  Denying Mr. Caldwell his constitutional right to privacy;

      c)  Denying Mr. Caldwell of his constitutional right to be safe in his residence;

      d)  Depriving Mr. Caldwell of his constitutional right to due process;

      e)  Inflicting unlawful excessive force used on Mr. Caldwell;

      f)  Falsely imprisoning Mr. Caldwell;

      g)  Failing to train law enforcement officers of the proper and appropriate police procedures;

      h)  Failing to supervise and/or law enforcement officers;

      i)  Failing to correct the unconstitutional practices of subordinates;

      j)  Continually condoning and ratifying a history of unconstitutional acts despite numerous allegations over the years of excessive force;

      k) Implicitly and/or expressly teaching, encouraging, and condoning a pattern, practice and policy of excessive force; and

      l)  Improperly screening, hiring, training, supervising, disciplining and retaining dangerous law enforcement officers.

51.  The above acts constitute a violation of the Civil Rights Act, 42 U.S.C. § 1983 for a violation of individual's civil and constitutional rights under color of State law.

52.  The unlawful acts of Defendants, including any John and Jane Does (1-100) or ABC Entities/ Corporations (1-10), to be named jointly, severally and in the alternative, in both their individual and official capacities shocked the conscious and/or were willfully indifferent to Mr. Caldwell civil and constitutional rights.

53.  As a result of the above mentioned acts, Plaintiff was subject to excessive force and in violation of the Fourth Amendment to the Constitution (Unreasonable Search and

Seizure), Fifth Amendment (Due Process) and the 14th Amendment. Said acts are a violation of *42 U.S.C. § 1983.* The actions of Defendants constituted a deliberate and willful indifference to the rights of Mr. Caldwell, furthered by the policies and practices of the defendant municipal bodies and entities through its policymakers.

54. As a direct result of the actions of the Defendants, including any John and Jane Does (1-100) or ABC Entities/ Corporations (1-10), Plaintiff has suffered significant harm.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1983
**(As to the individual defendants in their individual capacity and as to the Municipal Defendants)**

55. Plaintiff repeats each and every allegation contained in the above paragraphs as if set forth at length herein.

56. The acts of the Defendants mentioned above constitute a violation of Mr. Caldwell's constitutional rights under the United States Constitution and were committed under color of State law. The acts either shocked the conscious and/or exhibited a willful and/or deliberate indifference for the rights of Mr. Caldwell.

57. Said Defendants, under color of state law, conspired with one another, individually and under color of State law, deprived the Plaintiff of his constitutional and civil rights by, among other things:

    a) Entering Mr. Caldwell's residence without a warrant;

    b) Denying Mr. Caldwell his constitutional right to privacy;

    c) Denying Mr. Caldwell of his constitutional right to be safe in his residence;

    d) Depriving Mr. Caldwell of his constitutional right to due process;

e) Inflicting unlawful excessive force used on Mr. Caldwell;

f) Falsely imprisoning Mr. Caldwell;

g) Failing to train law enforcement officers of the proper and appropriate police procedures;

h) Failing to supervise and/or law enforcement officers;

i) Failing to correct the unconstitutional practices of subordinates;

j) Continually condoning and ratifying a history of unconstitutional acts despite numerous allegations over the years of excessive force;

k) Implicitly and/or expressly teaching, encouraging, and condoning a pattern, practice and policy of excessive force; and

l) Improperly screening, hiring, training, supervising, disciplining and retaining dangerous law enforcement officers.

58.  As a direct result of the actions of the Defendants, including any John and Jane Does (1-100) or ABC Entities/ Corporations (1-10), Plaintiff has suffered significant harm.

## COUNT III

### (VIOLATION OF 42 USC § 1983
### FAILURE TO TRAIN AND/OR SUPERVISE)

59. Plaintiff repeats each and every allegation contained in the above paragraphs as if set forth at length herein.

60. The Denfendant law enforcement agencies' hiring, training and supervisory practices are inadequate.

61. As such Defendants were deliberately indifferent to the rights of Mr. Caldwell. This failure to train reflects a deliberate and/or conscious choice by the municipality as such to have such policies become a custom, practice or policy of the law enforcement agencies.

62. As a direct result of the actions of the Defendants, including any John and Jane Does (1-100) or ABC Entities/ Corporations (1-10), Plaintiff has suffered significant harm.

## COUNT IV

### (STATE CONSTITUTIONAL TORT)

63. Plaintiff repeats each and every allegation contained in the above paragraphs as if set forth at length herein.

64. The New Jersey Constitution provides in Art. I, Para. I, that all persons have certain unalienable rights of enjoying and defending life and acquiring and protecting property and pursuing and obtaining safety and happiness. Additionally, other clauses of the New Jersey Constitution, including Articles I through XI, declared the right to life, liberty and pursuit of safety and happiness of every person in the State of New Jersey. The illegal acts of Defendants violated Plaintiff's State Constitutional Rights.

65. As a direct result of the actions in violation of the New Jersey Constitution, the Defendants, including any John and Jane Does (1-100) or ABC Entities/ Corporations (1-10), have caused Plaintiff has suffered significant harm.

## COUNT V

### (COMMON LAW CAUSES OF ACTION INCLUDING NEGLIGENT HIRING, SUPERVISION, DISCIPLINE, AND RETENTION OF DANGEROUS LAW ENFORCEMENT OFFICERS)

66. Plaintiff repeats each and every allegation contained in the above paragraphs as if set forth at length herein

67. The above actions of Defendants constituted Negligent Hiring and/or Supervision and/or Disciplining and Retention Of Dangerous Police Officers and/or False Entering, False Imprisonment, Abuse of or Excessive Force and/or Abuse Of Process.

68. Such conduct of Defendants are in violation of the common law of New Jersey and resulted in significant harm to Mr. Caldwell.

## COUNT VI

**(UNLAWFUL ENTERING/FALSE IMPRISIONMENT/INVASION OF PRIVACY)**

69. Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

70. The acts of Defendants constituted unlawful entering/false imprisonment and invasion of privacy.

71. Defendants, Dover Township Emergency Services Unit, Dover Township Police Department, Michael G. Mastronardy, Ocean County Board Of Chosen Freeholders, Ocean County Narcotics Strike Force, Ocean County Prosecutors Office, Thomas F. Kelaher are liable for those acts under the doctrine of respondeat superior and for permitting conditions to exist that facilitated and encouraged such conduct.

72. As a proximate result of the above mentioned acts, Plaintiff has been damaged and has suffered severe and permanent injuries and was forced to endure extreme pain, suffering and emotional distress, mental anguish and a deprivation of rights under the civil rights laws.

**DAMAGES AND PRAYER FOR RELEIF**

*WHEREFORE*, as a direct result of the conduct pleaded above, Plaintiff has suffered harm, including but not limited to permanent physical injuries, pain and suffering, and emotional torment, that flow from same, resulting in permanent injuries, monetary losses, loss of enjoyment of life, and as such, Plaintiff individually, prays for judgment against the Defendants, including but not limited to:

(a) an award of compensatory damages, punitive or treble damages which are allowed by common law, New Jersey State Constitutional Law or statutes pleaded herein;

(b) an award of reasonable attorney's fees and all costs of court and interest herein;

(c) an award of damages as allowed under 42 U.S.C. § 1983;

(d) any other award and equitable relief allowed by statute, or pursuant to the equitable and just power of the Court to which plaintiff is entitled.

(f) an award for attorney's fees as allowed under 42 U.S.C. § 1988 and as allowed under any other appropriate statutes.

(g) joint and several liability.

s/    *Nancy S. Martin*
Nancy S. Martin, Esq. (NM4861)
Martin Melody, LLC
Sycamore Commons
44 Sycamore Avenue, Suite 3A
Little Silver, New Jersey 07739
(732) 219-0099
(732) 219-9653

Dated: September 7, 2006

**JURY DEMAND**

The Plaintiff demands a trial by jury on all issues so triable.

s/ *Nancy S. Martin*
Nancy S. Martin, Esq. (NM4861)
Martin Melody, LLC
Sycamore Commons
44 Sycamore Avenue, Suite 3A
Little Silver, New Jersey 07739
(732) 219-0099
(732) 219-9653

Dated: September 7, 2006